IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RICHARD CHARLES CUNNINGHAM, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-134-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS,
## ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION,
## AND
## DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On June 17, 2020, the United States Magistrate Judge (the "Magistrate Judge") entered findings and conclusions (ECF No. 12) on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Motion to Vacate") (ECF No. 2) filed by Petitioner Richard Charles Cunningham, Jr. ("Petitioner") on July 17, 2018. The Magistrate Judge RECOMMENDS that Petitioner's Motion to Vacate be DENIED. On July 15, 2020, Petitioner filed objections (ECF No. 13) to the Magistrate Judge's findings, conclusions, and recommendation (the "FCR").

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition [of a case], a party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Hence, the statutory deadline for Petitioner to file his objections was July 1, 2020. Petitioner filed his objections *14 days* past the statutory deadline on July 15, 2020. Even taking into account the additional 7 days beyond the statutory deadline that this Division has typically permitted for parties

in prison, Petitioner's objections were still untimely filed. Accordingly, the Court reviews the FCR only for clear error. *See* FED. R. CIV. P. 72 advisory committee note to 1983 amendment.

After making an independent review of the pleadings, files, and records in this case, the Magistrate Judge's FCR, and Petitioner's objections, the Court concludes that the findings and conclusions are correct. All of Petitioner's objections either misunderstand the FCR's analysis and the relevant law, make further unsupported claims, or both.[1] Consequently, it is hereby ORDERED that the Magistrate Judge's FCR is ADOPTED and that Petitioner's Motion to Vacate (ECF No. 2) is DENIED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court ADOPTS and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Id.*

If Petitioner files a notice of appeal, he may proceed *in forma pauperis* on appeal. *See* FED. R. APP. P. 24(a)(3).

---

[1] For example, regarding his actual innocence claim, Petitioner appears to claim that "he would have subjected the government to a meaningful adversarial testing" "[h]ad [he] known there were two insurance protections." ECF No. 13 at 5. However, the number of insurers is irrelevant to this case. As the Magistrate Judge correctly noted, the fact that the Education Credit Union that Petitioner robbed was insured by the National Credit Union Administration is sufficient to rebut his claim that he is actually innocent of an offense under 18 U.S.C. § 2113(a). Whether the Education Credit Union had other insurers for other purposes does not affect this analysis and conclusion.

**SO ORDERED.**

July 28, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3